Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 201001-114278
DATE: August 31, 2021

ORDER

The rating reduction for lumbosacral spine degenerative arthritis to 20 percent effective July 12, 2019, was improper and the 40 percent rating is restored effective that date.

FINDING OF FACT

The lumbosacral spine degenerative arthritis did undergo improvement under the ordinary conditions of life and work.

CONCLUSION OF LAW

The July 2019 rating decision that reduced the rating for lumbosacral spine degenerative arthritis from 40 percent to 20 percent was improper and restoration of the 40 percent disability rating from July 12, 2019, is warranted. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.105, 3.344, 4.71a, Diagnostic Code 5010-5242. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran has active service from February 1994 to December 1995.

This matter is on appeal from a September 2019 decision. In July 2019, the RO reduced the rating for the Veteran's back disorder from 40 percent to 20 percent. In August 2019, the Veteran filed a VA 20-0995 Supplemental Claim application. On September 30, 2019, the RO issued a rating decision continuing the 20 percent rating. On September 25, 2020, the Veteran mailed a VA Form 10182 electing Hearing review of the September 2019 rating decision. In August 2021, a hearing was held before the undersigned.

Following notice of a decision on an initial claim or a supplemental claim, the claimant may file a supplemental claim, request a higher-level review, or appeal to the Board. 38 C.F.R. § 3.2500(c)(1). Here, following the July 2019 reduction, the Veteran continuously pursued her reduction appeal by filing a Supplemental Claim. The September 2019 rating decision on appeal characterizes the issue on appeal as a denial of an increased rating. However, in light of the Veteran's continuous pursuit of the reduction appeal, the issue on appeal includes the propriety of the July 2019 reduction. 

Reduced Ratings

Special requirements exist where a reduction in evaluation of a service-connected disability or employability status would result in a reduction or discontinuance of compensation payments. 38 C.F.R. § 3.105(e). A rating proposing the reduction or discontinuance will be prepared setting forth all material facts and reasons. 38 C.F.R. § 3.105(e). The beneficiary must be notified at the last address of record of the action contemplated and furnished detailed reasons for the proposed decision. Id. Sixty days must be given for the presentation of new evidence to show that compensation should be continued at the present level. Id. 

When a rating has continued for five years or more, additional protections apply. Under such circumstances, a reduction may be accomplished when the evidence clearly warrants the conclusion that sustained improvement has been demonstrated, and when the rating agency determines that it is reasonably certain that the improvement will be maintained under the ordinary conditions of the veteran's life. 38 C.F.R. § 3.344(a). Further, "[e]xaminations less full and complete than those on which payments were authorized or continued will not be used as a basis of reduction." Id. Where doubt remains, the rating agency will continue the rating in effect, and consider scheduling reexamination 18, 24, or 30 months later. 38 C.F.R. § 3.344(b).

In any rating reduction case, even those where the rating has been in effect for less than five years, "not only must it be determined that an improvement in a disability has actually occurred but also that that improvement actually reflects an improvement in the veteran's ability to function under the ordinary conditions of life and work." Stern v. McDonough, 34 Vet. App. 51 (2021) (quoting Brown v. Brown, 5 Vet. App. 413, 421 (1993)).

The burden is on VA to establish, by a preponderance of the evidence, that a rating reduction is warranted. Brown, 5 Vet. App. at 421. VA rating reductions must be based upon review of the entire history of the veteran's disability. Schafrath v. Derwinski, 1 Vet. App. 589, 594 (1991). 

The rating reduction for lumbosacral spine degenerative arthritis to 20 percent effective July 12, 2019, was improper and the 40 percent rating is restored

In May 2017, the RO increased the Veteran's lumbosacral spine degenerative arthritis rating to 40 percent from March 23, 2017. In July 2019, the RO reduced the Veteran's rating to 20 percent, effective July 12, 2019. 

The Veteran claims error in the July 2019 rating decision. Because this reduction did not result in a net decrease in compensation, the requirements of 38 C.F.R. § 3.105 are inapplicable. Because this rating was in effect for less than five years at the time of the July 2019 reduction, the protections of 38 C.F.R. § 3.344 do not apply. 

The July 2019 rating decision discusses neither the history of the Veteran's back disorder nor improvement in the ability to function under the ordinary conditions of life and work. Absent such discussion, the applicable regulations have not been followed. See Stern, 34 Vet. App. at 51. Further, the Board sees no lay or medical evidence of improvement under normal conditions of life and work. The Board must restore the Veteran's 40 percent rating for lumbosacral spine degenerative arthritis. Schafrath, 1 Vet. App. at 595.

 

 

STEVEN D. REISS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Cannon, Brian

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.